UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDRE VINCENT BROWN,
    Plaintiff,

v.

BROOKE JENKINS, et al.,
    Defendants.

Case No. 24-cv-00317-RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff alleges district attorneys and public defenders violated his constitutional rights in various ways during his state criminal proceedings. His 42 U.S.C. § 1983 complaint containing these allegations is now before the Court for review pursuant to 28 U.S.C. § 1915A(a). District attorneys and public defenders are immune from suit under § 1983. Accordingly, the complaint is DISMISSED.

## DISCUSSION

**A.**    **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

1  from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.
2  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

3        A "complaint must contain sufficient factual matter, accepted as true, to 'state a
4  claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
5  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial
6  plausibility when the plaintiff pleads factual content that allows the court to draw the
7  reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting
8  *Twombly*, 550 U.S. at 556).   Furthermore, a court "is not required to accept legal
9  conclusions cast in the form of factual allegations if those conclusions cannot reasonably
10 be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55
11 (9th Cir. 1994).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
12 essential elements:  (1) that a right secured by the Constitution or laws of the United States
13 was violated, and (2) that the alleged violation was committed by a person acting under the
14 color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

15 **B.     Legal Claims**

16       Plaintiff alleges Brooke Jenkins, a district attorney; Diego Lopez, a district attorney;
17 Manohar Raju, a public defender; and Stephen Olmo, a deputy public defender violated his
18 constitutional rights during his state criminal proceedings.  (Compl., Dkt. No. 1 at 2-3.)
19 District attorneys are immune from suit under these circumstances.  A state prosecuting
20 attorney enjoys absolute immunity from damages liability under 42 U.S.C. § 1983 for his
21 conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an
22 "advocate for the State" and his actions are "intimately associated with the judicial phase
23 of the criminal process."  *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  Accordingly,
24 plaintiff's claims against Jenkins and Lopez are DISMSSED.

25       Public defenders are immune also under these circumstances.  An essential element
26 of an action under 42 U.S.C. § 1983 is that the defendant act under color of state law, and a
27 public defender does not act under color of state law when performing a lawyer's

28

United States District Court
Northern District of California

traditional functions.  *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981).  Accordingly, plaintiff's claims against Raju and Olmo are DISMISSED.

## CONCLUSION

This federal civil rights action is DISMISSED.  The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:**  May 22, 2024

_____
RICHARD SEEBORG
Chief United States District Judge